# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06742-ODW (SP) | Date | September 3, 2021 |
|---|---|---|---|
| Title | DARRION LARRY ALEXANDER v. COUNTY OF LOS ANGELES | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Lack of Jurisdiction Due to Failure to Challenge Custody or Name a Proper Respondent**

On August 12, 2021, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. Petitioner challenges the County of Los Angeles's denial of his request for certain record. Petitioner asserts the following as purported grounds for habeas relief: (1) the Superior Court abused its discretion and violated due process in denying his petition for disclosure of a booking photograph; (2) the Superior Court abused its discretion and violated due process in denying his petition for disclosure of certain warrants; and (3) the California Supreme Court abused its discretion and violated due process in refusing to consider his application for relief from default on his petition for review.

This court having reviewed the Petition, it appears the Petition is subject to dismissal for lack of jurisdiction because the grounds asserted do not appear to raise cognizable claims for federal habeas relief in that petitioner is not seeking release from custody, and it is likely for this reason that he also has not named a proper respondent. The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **October 4, 2021**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06742-ODW (SP) | Date | September 3, 2021 |
|---|---|---|---|
| Title | DARRION LARRY ALEXANDER v. COUNTY OF LOS ANGELES | | |

in determining how to respond.

## No Challenge to Custody

A state prisoner may bring a federal habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Burnett v. Lampert*, 432 F. 3d 996, 999 (9th Cir. 2005). Put simply, this court lacks jurisdiction because petitioner is not claiming that he is in custody in violation of the Constitution or other federal law. *See Baily v. Hill*, 599 F.3d 976, 979-82 (9th Cir. 2010) (§ 2254's jurisdictional requirement includes that the habeas challenge be to the lawfulness of petitioner's custody); *see also Maleng v. Cook*, 490 U.S. 488, 490, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) ("in custody" requirement is jurisdictional).

Although petitioner is in custody, he is not challenging the legality of his custody. Instead, he is challenging the denial of his petition for certain records, and the California Supreme Court's subsequent determination that he had defaulted on his petition for review related to the denial of those records. This federal court lacks jurisdiction over such a challenge.

## No Proper Respondent

A habeas petition filed pursuant to 28 U.S.C. § 2254 by a petitioner who is currently in custody under a state court judgment must name as respondent the state officer who has custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Thus, "[t]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld*, 542 U.S. at 435; *accord Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (*as amended* May 18, 1994) (the proper respondent to the habeas petition is "typically . . . the warden of the facility in which the petitioner is incarcerated"). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06742-ODW (SP) | Date | September 3, 2021 |
|---|---|---|---|
| Title | DARRION LARRY ALEXANDER v. COUNTY OF LOS ANGELES | | |

Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (*as amended* May 8, 1996); *see also Stanley*, 21 F.3d at 360.

Although it appears that petitioner is currently incarcerated at High Desert State Prison, he does not name the warden of that institution as the respondent. Rather, petitioner has named the County of Los Angeles as respondent. This makes sense in that petitioner is challenging the county's refusal to produce records to him, rather than challenging anything related to his custody. But again, it is precisely because petitioner is not raising a challenge to his custody that this court lacks jurisdiction over his challenge.

## Petitioner's Options

If petitioner contends that he is in fact raising cognizable habeas challenges to his custody and has named a proper respondent, he must clearly explain this in a written response to this Order to Show Cause. Petitioner must file with the court a written response to the Order to Show Cause on or before **October 4, 2021.** In his response to the Order to Show Cause, petitioner may set forth any reasons he wishes to argue against the dismissal of the action.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Such dismissal request must also be filed on or before **October 4, 2021**.

**The court warns petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed for lack of jurisdiction, for failure to prosecute, and/or for failure to obey court orders.**